# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION


**DOUGLAS G. WRIGHT, JR.,**

        **Plaintiff,**

**v.**                                                       Case No.  8:08-cv-630-T-TBM

**MICHAEL J. ASTRUE,**
**Commissioner of the United States**
**Social Security Administration,**

        **Defendant.**
_____/


## O R D E R

The Plaintiff seeks judicial review of the denial of his claim for Social Security Supplemental Security Income payments.  For the reasons set out herein, the decision is affirmed.


## I.

Plaintiff was forty-seven (47) years of age at the time of his administrative hearing in September 2006.  He stands 5' 10" tall and weighed 160 pounds.  Plaintiff has a high school education.  His past relevant work was as a food preparer and maintenance mechanic at a bowling alley.  Plaintiff applied for Supplemental Security Income payments in August 2003 (protective filing date), alleging disability as of November 1, 2002, by reason of arthritis in his

hands, knees and feet, and associated pain. The Plaintiff's application was denied originally and on reconsideration.

The Plaintiff, at his request, then received a *de novo* hearing before an Administrative Law Judge ("ALJ"). The Plaintiff was represented at the hearing by counsel and testified in his own behalf. Additionally, a vocational expert was called by the ALJ.

Plaintiff claimed he was hurt in 2002 and has not worked since.[1] The initial discussions centered on the lack of medical records thereafter. Plaintiff indicated that he has not had insurance and that he has had to rely on County assistance for his healthcare. He claimed injury to his wrist, knee, and hip which prevent him from working. By his account, he hurts all the time. He cannot walk to the mailbox without pain. He has pain in both wrists, more so in the left than right. He has pain in his right hip, foot, and ankles. He can move these joints, but it hurts. His doctors say he has osteoarthritis and degenerative arthritis, and he was recently tested for rheumatoid arthritis. He has used a cane for a couple of years because he falls sometimes when he walks. He has taken a number of pain medications since the injury. Motrin causes him nausea and does not work well. He no longer has a driver's license because it hurts to drive.

During the day, he spends about half the time lying down in order to relieve the pain. He has difficulty remembering things, he experiences mood swings, and he is irritable with his girlfriend. (R. 204-12).

---

[1] Other records indicate he suffered a slip and fall at a restaurant where he worked and injured his left hand. *See e.g.* (R. 132).

Next, the ALJ took testimony from Gerald T. Wili, a vocational expert ("VE"). The witness was asked to assume a person capable of lifting/carrying ten pounds occasionally and less than ten pounds frequently; standing/walking two hours in an eight-hour day but with use of a cane with his right hand; capable of sitting for six hours, with occasional postural limitations but no kneeling, crawling, climbing of ladders, ramps or stairs, except a few stairs or a short ramp; and with no gross manipulation with the left hand, but occasional fine manipulation with the left hand, with a need to avoid all hazards. On inquiry by the VE, the ALJ clarified his assumption was that the individual had full use of the right hand but needed it to hold his cane. According to the VE, such person could not perform Plaintiff's past work. However, such person could do work as a telemarketer/phone solicitor, an order taker for food and beverage, security monitor, and as an appointment clerk. If such person needed to lie down for four hours during the day, no work would be available. (R. 213-17).

Also before the ALJ were medical records outlining the Plaintiff's medical history. These matters are addressed adequately by the parties' memoranda and are set forth herein as necessary.

By his decision of March 7, 2007, the ALJ determined that while Plaintiff has a severe impairment related to history of nondisplaced fracture of the radial styloid of the left wrist with mild degenerative changes, he nonetheless had the residual functional capacity to perform light exertional work with limitations for only occasional fine and gross manipulation with the non-dominant left hand. Upon this finding and the testimony of the VE, the ALJ concluded that Plaintiff could perform jobs available to him in the local and national

3

economy.  Upon this conclusion, the Plaintiff was determined to be not disabled.  (R. 20-28).

The Appeals Council denied Plaintiff's request for review.


II.

In order to be entitled to Social Security Supplemental Security Income payments, a claimant must be unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months. . . ."  42 U.S.C. § 423(d)(1)(A).  A "physical or mental impairment," under the terms of the Act, is one that "results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."  *Id.* at § 423(d)(3).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence and comports with applicable legal standards.  *See id.* at § 405(g).  Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996).  The Commissioner must apply the correct law and demonstrate that he has done so.  While the court reviews the Commissioner's decision with deference to the factual findings, no such deference is given to the legal conclusions.  *Keeton v. Dep't of*

*Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994) (citing *Cornelius v. Sullivan*, 936 F.2d 1143, 1145 (11th Cir. 1991)).

It is, moreover, the function of the Commissioner, and not the courts, to resolve conflicts in the evidence and to assess the credibility of the witnesses. *Grant v. Richardson*, 445 F.2d 656 (5th Cir. 1971). Similarly, it is the responsibility of the Commissioner to draw inferences from the evidence, and those inferences are not to be overturned if they are supported by substantial evidence. *Celebrezze v. O'Brient*, 323 F.2d 989 (5th Cir. 1963). Therefore, in determining whether the Commissioner's decision is supported by substantial evidence, the court is not to re-weigh the evidence, but is limited to determining whether the record, as a whole, contains sufficient evidence to permit a reasonable mind to conclude that the claimant is not disabled. *Miles*, 84 F.3d at 1400; *Bloodsworth v. Heckler*, 703 F.2d 1233 (11th Cir. 1983).

The scope of review is limited to determining whether the findings of the Commissioner are supported by substantial evidence and whether the correct legal standards were applied. 42 U.S.C. § 405(g); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002); *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988).

III.

The Plaintiff argues broadly that the ALJ's findings concerning his impairments are not supported by the evidence. More particularly, Plaintiff urges that the ALJ erred in concluding that he did not suffer severe impairments in his hip, knee, and ankle as he

claimed. In support, Plaintiff cites to the medical evidence from Dr. Clayton Linkous, Dr. Richard A. Naiman, Dr. Earnesto Aguilera, and Dr James Melton, who variously note complaints of chronic pain/arthritis in the right hip, right knee, and left wrist; limited range of motion in each of these areas; and difficulty walking. Plaintiff urges that the ALJ's reasons for finding no medically determinable impairments related to his hip, knee, and ankle are incorrect as the doctors' notes support that his conditions are severe. Thus, Dr. Linkous found a restricted range of motion in the right hip, right knee, and left wrist and noted some difficulty in tandem walking; Dr. Naiman indicated Plaintiff could not work; Dr Aguilera noted use of a cane, hip pain and diagnosed arthritis and dizziness; and Dr Melton diagnosed right hip and knee pain and tenderness over the right trochanteric hip. He urges that contrary to the ALJ's conclusion, these findings are adequate to support that Plaintiff had additional severe impairments.

Plaintiff further urges the error is not harmless. Thus, had the ALJ properly concluded he suffered hip, knee, and ankle pain, the residual functional capacity ("RFC") assessment would likely have been different as would the ultimate result.

In response, the Commissioner also cites to this medical record in support of the ALJ's conclusions that Plaintiff's limitations did not render him disabled from all work. He urges that in any event, any error, would not have an effect on the validity of the outcome in this case given that the ALJ relied on the testimony of the VE who testified to a number of different type jobs a person even more restricted manipulation-wise than Plaintiff could

perform. By this argument, the decision is supported by substantial evidence regardless of the failure to identify Plaintiff's hip, knee, and/or ankle pain as severe.

In deciding this case, the ALJ employed the five-step sequential evaluation process required by the Regulations. *See* 20 C.F.R. § 416.920(a). At step two of this evaluation process, the ALJ is called upon to consider the medical severity of a claimant's impairments. Under this regulation, if the claimant does not have an impairment or combination of impairments which meet the duration requirements and which limits his ability to do basic work activities, then he is not disabled. The ability to do basic work activities is defined as "the abilities and aptitudes necessary to do most jobs." *Bowen v. Yuckert*, 482 U.S. 137, 142 (1987) (citing 20 C.F.R. §§ 404.1521(b), 416.921(b)). Basic work activities include physical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, and handling, as well as capacities for seeing, hearing, and speaking; understanding, remembering and carrying out simple instructions; responding appropriately to supervisors and fellow employees and dealing with changes in the work setting; and the use of judgment. *Id.* In application, this inquiry is a "threshold" inquiry; it allows only claims based on the slightest abnormality to be rejected. *Brady v. Heckler*, 724 F.2d 914, 920 (11th Cir. 1984). Thus, an impairment is not severe only if the abnormality is so slight and its effect so minimal that it would clearly not be expected to interfere with the individual's ability to work, irrespective of age, education, or work experience. *Id.* However, the finding of *any* severe impairment, whether or not it qualifies as a disability and whether or not it results from a single severe

impairment or a combination of impairments that together qualify as severe, is enough to satisfy the requirement at step two. *Jamison v. Bowen*, 814 F.2d 585, 588 (11th Cir. 1987).

The ALJ credited Plaintiff with a severe impairment in his left wrist, but nowhere else. Although he recognized Plaintiff's complaints of disabling pain in his right hip, knee and ankle, the ALJ reviewed the medical reports and rejected these complaints on a finding that he suffered no medically determinable impairment in his ankles, knees, or hips that would account for disabling pain. (R. 22-23). By his review of the medical evidence, Plaintiff 's claims were simply unsupported. No doctor had diagnosed a condition apart from pain, and the greater weight of the evidence did not reveal signs or laboratory findings demonstrating a medically determinable impairment that would be expected to cause the symptoms and functional limitations claimed by Plaintiff.

By my consideration, insofar as Plaintiff alleges error at step two of the evaluation process, he is incorrect given the finding of at least one severe impairment related to the left wrist. *See Jamison*, 814 F.2d at 588. More significantly, insofar as Plaintiff asserts that a remand is required because of the failure to find the condition in his hip, knee, or ankle severe, and the outcome of the case unsupported by substantial evidence, Plaintiff wholly fails to demonstrate that this is so. Thus, while it is correct that the ALJ declined to find evidence of a medical condition in the right hip, knee, or ankle to support the pain complaints, Plaintiff fails to clearly demonstrate that this was error or that the refusal to find medically determinable impairments taints the ultimate conclusion that he was not disabled from all work. It is not the diagnosis which is significant, but rather the functional limitations arising

from the impairment that are significant. Thus, even if the notes of Dr. Linkous should be read to reflect a diagnosis of arthritis, the fact is the doctor still found Plaintiff capable of sedentary work despite the claimed symptoms. Neither Dr. Naiman nor Dr. Aguilera identified specific functional limitations caused by the pain complaints, and the limitations recommended by Dr. Melton were only for work requiring no heavy lifting or constant standing or walking. Plaintiff surmises that these records, properly considered, would result in a different result, but such is not demonstrated. In the end, after a full and careful reading of the medical record, I am left to conclude that even if the ALJ erred by failing to identify a condition in Plaintiff's hip, knee and/or ankle as severe, the failure to do so is not shown to have improperly affected the outcome of the case. On the contrary, the medical record supports the conclusion that Plaintiff was capable of some degree of work at least at the sedentary exertional level.[2]

---

[2]Stated bluntly, on this medical record, the ALJ was not required to conclude that Plaintiff suffered a wholly disabling condition or combination of conditions. While Plaintiff made repeated reports of pain, and there is some mention of arthritis, especially by Plaintiff, the clinical findings from these treating or consulting doctors were all fairly normal apart from some slight limitation in the range of motion in the right hip, knee, and ankle. Dr. Linkous and Dr. Aguilera offer little, if any, clinical support for a condition that would make it as difficult for the Plaintiff to walk to his mailbox as he claims or that would require him to lie down for half of the day. The objective findings are even less supportive of the Plaintiff's claim. Dr. Linkous had no x-rays to review and recommended that they be obtained. Once obtained, they were negative. Thus, Dr. Habboub's review of x-rays found no focal osseous or articular abnormality in the knee and no focal osteoarticular abnormality in the hip. As Dr. Melton reported, x-rays of the right hip revealed no specific bone injury or disease, and the x-rays of the right knee were negative. Those doctors that spoke to the matter, apart from Dr. Naiman, all suggested Plaintiff could work. As for Dr. Naiman, I agree with the Commissioner that his statement that Plaintiff could not engage in prolonged physical activity is wholly at odds with his actual findings that on physical examination, he found nothing worrisome that is unexplainable.

I also disagree that any error of this sort requires a remand. The ALJ ultimately concluded Plaintiff could not return to his past work but could do work at the light exertional level with limitations for only occasional fine and gross manipulation with the left hand. At this RFC, the ALJ concluded Plaintiff could work at either light or sedentary exertional work. In reaching this vocational conclusion, the ALJ referenced both the Medical-Vocational Guidelines ("the grids") and in particular Rule 202.20 thereunder, and the testimony from the VE. Under the grid rule, a decision of not disabled was suggested. By the VE's testimony, a person limited to *sedentary* work with a restriction for no gross manipulation with the left hand, but occasional fine manipulation with the left hand (and with other limitations as set out above) could work at a number of jobs available in the local and national economy. By the ALJ's analysis, the VE's testimony remained applicable even though he ultimately determined that Plaintiff could do light exertional work, because the VE's testimony was based on an even greater restriction for fine and gross manipulation than ultimately credited by the ALJ. Thus, by the ALJ's consideration, the grids suggested work available at the light exertional level and the VE's testimony allowed for sedentary jobs as well. Either way, Plaintiff was not disabled.

I note that under the Regulations, if someone can do light work, it is determined that he can also do sedentary work unless there are other limiting factors such as a loss of dexterity or an inability to sit for long periods of time. *See* 20 C.F.R. § 416.967(b). Here, a significant limitation for manipulation with the left hand was factored into the VE's testimony. The hypothetical also assumed the ability to stand/walk for two hours in an eight-hour work day

and sit for six hours during this same period. These limitations are fully supported by the medical record. By the VE's testimony, Plaintiff could work at a number of sedentary jobs. Here, Plaintiff simply makes no showing that he cannot perform work at the sedentary exertional level or that the ALJ's finding that he could perform such work is unsupported by substantial evidence. Any error made in failing to identify Plaintiff's right hip, knee, and/or ankle pain as a severe impairment(s) cannot on this record be demonstrated to have affected the outcome improperly. In conclusion, a remand in such circumstances would serve no useful purpose. *See Diorio v. Heckler*, 721 F.2d 726, 728 (11th Cir. 1983) (applying the harmless error rule to an ALJ's misstatement of evidence in a Social Security case); *Mays v. Bowen*, 837 F.2d 1362, 1364 (5th Cir. 1988) (stating that the court will not vacate a judgment unless the substantial rights of a party have been affected); Fed. R. Civ. P. 61.


IV.

For the foregoing reasons, the decision of the Commissioner of the United States Social Security Administration is in accordance with the correct legal standards and is otherwise supported by substantial evidence. The decision is affirmed. Accordingly, the Clerk is directed to enter Judgment in favor of the Defendant and to close the file.

**Done and Ordered** at Tampa, Florida, this 16th day of June 2009.

THOMAS B. McCOUN III
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of record